*1373 OPINION
By the Court,
Maupin, J.:
Respondent Mark Engel (“Engel”) injured his lower back in the course of his employment. The severity of the injury prevented his return to work in his previous job capacity. Because his employer could not accommodate his limitations, Engel sought vocational rehabilitation benefits pursuant to NRS 616C.590.[1] On April 25, 1995, Engel signed a vocational rehabilitation agreement with the State Industrial Insurance System (“SIIS”), acknowledging his responsibility to participate in a rehabilitation plan pursuant to NRS 616C.555.[2]
On August 15, 1995, the SIIS learned that Engel had contracted non-industrial tuberculosis. Because of a quarantine imposed by the Washoe County Health Department, Engel was unable to attend a scheduled meeting with a rehabilitation counselor assigned to develop his vocational rehabilitation program.
*1374 The SIIS suspended Engel’s rehabilitation benefits until he could fully participate in the vocational rehabilitation program. On appeal, a Department of Administration hearing officer affirmed the suspension of benefits. Thereafter, an appeals officer reversed these determinations and ordered the SIIS to pay Engel vocational rehabilitation maintenance benefits during his tuberculosis quarantine.
The SIIS filed a petition for judicial review in the Second Judicial District Court, which was denied on August 27, 1996. The SIIS timely appealed. We affirm.

DISCUSSION

Standard of Review

This case presents an issue of first impression in Nevada: namely, whether the SIIS may suspend vocational rehabilitation benefits during a period of temporary non-participation in a vocational rehabilitation program, where the failure to participate is not volitional.
The function of this court in reviewing an administrative decision is identical to that of the district court. Hudson v. Horseshoe Club Operation Co., 112 Nev. 446, 452, 916 P.2d 786, 790 (1996). A reviewing court shall not substitute its judgment for that of an agency with regard to a question of fact. NRS 233B. 135(3). However, questions of law are reviewed de novo. SIIS v. United Exposition Services Co., 109 Nev. 28, 30, 846 P.2d 294, 295 (1993). The administrative construction of a statute is a question of law requiring independent appellate review. Maxwell v. SIIS, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993).

The SIIS improperly suspended Engel’s vocational rehabilitation maintenance pursuant to NRS 616C.575

NRS 616C.575(2) defines “vocational rehabilitation maintenance” as the “amount of compensation paid to an injured employee while he is participating in a program of vocational rehabilitation ...” (Emphasis added.)
NRS 616C.575(2) provides that vocational rehabilitation maintenance shall be paid to an injured employee only when he or she “is participating” in a program of vocational rehabilitation. Where a statute is clear on its face, “[w]e are not empowered to go beyond the face of a statute to lend it a construction contrary to its clear meaning.” Union Plaza Hotel v. Jackson, 101 Nev. 733, 736, 709 P.2d 1020, 1022 (1985).
*1375 Because the legislature did not distinguish between excusable and inexcusable non-participation, the SIIS argues that the plain meaning of NRS 616C.575(2) compels the conclusion that any non-participation, volitional or non-volitional, bars eligibility for vocational rehabilitation benefits.[3]
NRS 616C.575 notwithstanding, Engel contends that NRS 616C.230(4) governs this dispute:
An injured employee’s compensation, other than accident benefits, must be suspended if:
(a) A physician or chiropractor determines that the employee is unable to undergo treatment, testing or examination for the industrial injury solely because of a condition or injury that did not arise out of and in the course of his employment; and
(b) It is within the ability of the employee to correct the non-industrial condition or injury.
Engel argues that NRS 616C.230(4)(a) and (b) do not authorize the SIIS to suspend an employee’s benefits where, as here, it is not within the employee’s ability to correct the non-industrial condition. Accordingly, Engel contends that he is eligible for compensation despite his quarantine for active tuberculosis. The appeals officer and the district court agreed. Although we conclude this analysis is not entirely correct, we affirm the district court for the reasons set forth below. See Rosenstein v. Steele, 103 Nev. 571, 575, 747 P.2d 230, 233 (1987).
NRS 616C.230(4) provides that the SIIS must suspend benefits if an employee is “unable to undergo treatment, testing or examination for [an] industrial injury” due to a non-industrial condition and it is within his ability to correct the non-industrial condition. However, while NRS 616C.230(4) sets forth the general circumstances under which the SIIS must suspend benefits other than “accident benefits,” it does not govern all situations where benefits may be discontinued. NRS 616C.575 governs conditions for the payment of vocational rehabilitation benefits; an issue not encompassed by the general suspension provisions of NRS 616C.230(4). However, there is no clear directive from the legislature that a worker is not “participating” under NRS 616C.575 during a non-volitional absence from a rehabilitation program due *1376 to illness. Contrary to the position taken by the SIIS, the only time at which maintenance by statute “may not be paid” is when the injured worker “refuses” to participate. Thus, to promote the purposes of the rehabilitation statute, we conclude that non-participation, justifying suspension of benefits must be willful, and that intervening illness does not suspend “participation.”[4]
We therefore hold that the SIIS, pursuant to NRS 616C.575, may not suspend vocational rehabilitation benefits when an employee, who is otherwise eligible to receive such benefits, is temporarily unable to participate in the requisite vocational rehabilitation program as a result of a non-industrial medical condition.
The judgment of the district court is affirmed.[5]
Springer, C. J., and Rose, J., concur.

 NRS 616C.590(l)(a)-(c) states that an injured employee is eligible for vocational rehabilitation services if:
(a) The treating physician or chiropractor approves the return of the injured employee to work but imposes permanent restrictions that prevent the injured employee from returning to the position that he held at the time of his injury;
(b) The injured employee’s employer does not offer employment that the employee is eligible for considering the restrictions imposed pursuant to paragraph (a); and
(c) The injured employee is unable to return to gainful employment at a gross wage that is equal to or greater than 80 percent of the gross wage that he was earning at the time of his injury.

 NRS 616C.555 requires the development of vocational rehabilitation programs for persons qualifying for rehabilitation assistance.

 The hearing officer below relied on NAC 616.102 and NAC 616.0835, regulations promulgated pursuant to NRS 616C.575(l)(a) and (b), to justify the determination to suspend benefits. These regulations concern grounds for suspension, which include refusal to cooperate with the insurer in the development of a program and failure to report for scheduled activities. However, because there was no refusal to participate, these regulations do not apply.

 NRS 616C.555(3) provides maximum time periods for rehabilitation programs. However, NRS 616C.560 provides for reasonable extensions of these deadlines. Thus, the NRS 616C.555(3) time frames are not jurisdictional as to the length of any particular program and, therefore, not jurisdictional as to the period during which rehabilitation maintenance may be paid.

 Our decision today also provides a level of certainty in enforcement. The dissent’s construction of the SIIS rehabilitation scheme leaves open the problem of how much non-participation in connection with less serious illnesses would be tolerated.