LORI McGRATH, Appellant, *v.* THE STATE OF NEVADA DEPARTMENT OF PUBLIC SAFETY, NEVADA HIGHWAY PATROL; AND SIERRA NEVADA ADMINISTRATORS, Respondents.

No. 45489

June 7, 2007

159 P.3d 239

*Law Offices of Mark Wray* and *Mark D. Wray* and *Julia Vohl Islas*, Reno, for Appellant.

*Beckett, Yott & McCarty* and *James A. McCarty*, Reno, for Respondents.

Before PARRAGUIRRE, HARDESTY and SAITTA, JJ.

## OPINION

By the Court, PARRAGUIRRE, J.:

In this appeal, we consider whether a workers' compensation claimant who alleges that she has suffered extreme and unusual stress on the job is required to pinpoint a discrete, identifiable event giving rise to the stress. Because the plain, unambiguous language of NRS 616C.180 indicates that a workers' compensation claimant must establish a causal relationship between her mental injuries and a discrete, identifiable, traumatic event and because the claimant here has not done so, we affirm the district court's order denying judicial review of the appeals officer's decision denying compensation.

### FACTS AND PROCEDURAL HISTORY

Appellant Lori McGrath was an employee of respondent, the Nevada Highway Patrol (NHP), and the founder of NHP's K-9 program. McGrath alleges that, between the spring of 2001 and December 2002, she was the target of a campaign of harassment and abuse orchestrated by coworkers and superior officers. McGrath's specific allegations are not directly relevant to this appeal, but include, among other things, the cancellation of the K-9 program in retaliation for McGrath's decision to file a complaint with the Equal Employment Opportunity Commission, inappropriate sexual advances, and a series of groundless internal affairs investigations initiated by coworkers.

In December 2002, McGrath was diagnosed with severe stress-related mental and physical injuries. She reported a number of physical symptoms, including chest pains, exhaustion, weight gain despite loss of appetite, gastrointestinal issues, and ulcerations in her mouth and throat. McGrath and her physicians attributed these symptoms to an accumulation of stress from events occurring between August 2001 and December 2002. Notably, however, neither McGrath nor her physicians identified a discrete occurrence giving rise to the stress. McGrath states that, as a result of these stress-related injuries, she was unable to resume her job at NHP until November 2003, having lost a year's worth of pay and seniority.

McGrath filed a workers' compensation claim shortly after taking a leave of absence from the force in December 2002. Her claim was initially denied by respondent Sierra Nevada Administrators' claims adjuster. This denial was affirmed by a hearing officer, who determined that McGrath had failed to meet the statutory requirements of NRS 616C.180 for a compensable work-related stress claim. An appeals officer reviewed McGrath's claim and affirmed the hearing officer's decision. The appeals officer concluded that McGrath's stress-related injuries did not arise "out of and in the course of [her] employment," as required by

NRS 616C.180. In particular, the appeals officer concluded that McGrath's injuries were not compensable because they were not caused by stress that could be traced to a discrete, identifiable event in time of danger as required under NRS 616C.180(3). Instead, according to the appeals officer, McGrath's injuries were caused by a "gradual mental stimulus" and therefore not compensable under NRS 616C.180(2).

After the proceedings before the appeals officer concluded, McGrath filed a petition for judicial review. The district court denied McGrath's petition, and this appeal followed.

## DISCUSSION

McGrath contends that the appeals officer misapplied NRS 616C.180. According to McGrath, the statute's reference to a work-related "event" does not require a claimant to identify a discrete event giving rise to stress. Further, McGrath argues, the statute's exclusion of claims arising from "gradual mental stimulus" is meant merely to bar claims based upon a gradual buildup of normal, work-related stress. She contends that this language is not intended to bar claims arising from a series of deliberate and unusual stimuli causing extreme mental stress. We disagree and conclude that the plain and unambiguous language of NRS 616C.180 requires a workers' compensation claimant to identify a discrete event in time of danger as the cause of the claimant's stress-related injury.

### Standard of review

The appeals officer accepted McGrath's factual allegations as true, and the respondents did not dispute her version of events. Our review is therefore limited to the appeals officer's interpretation and application of NRS 616C.180. Because statutory construction is a question of law, our review of an administrative ruling concerning the application of a statute is plenary, rather than deferential.[1]

When a statute's language is plain and unambiguous, we will give that language its ordinary meaning.[2] In interpreting the plain language of a statute, we presume that the Legislature intended to use words in their usual and natural meaning.[3] When, however, a statute may be given more than one reasonable interpretation, it is

---

[1]*Maxwell v. SIIS*, 109 Nev. 327, 329, 849 P.2d 267, 269 (1993).

[2]*Banegas v. SIIS*, 117 Nev. 222, 225, 19 P.3d 245, 247 (2001).

[3]*See Anthony Lee R., A Minor v. State*, 113 Nev. 1406, 1414, 952 P.2d 1, 6 (1997).

ambiguous.[4] When an ambiguous statute is construed, it should be given a meaning that is consistent with what the Legislature intended, based on reason and public policy.[5]

*The plain, unambiguous language of NRS 616C.180 requires a claimant to identify a discrete, traumatic event that caused a stress-related injury*

NRS 616C.180 provides that injuries caused by job-related stress are compensable in specific enumerated circumstances:

1. Except as otherwise provided in this section, an injury or disease sustained by an employee that is caused by stress is compensable pursuant to the provisions of chapters 616A to 616D, inclusive, or chapter 617 of NRS if it arose out of and in the course of his employment.

2. Any ailment or disorder caused by any gradual mental stimulus, and any death or disability ensuing therefrom, shall be deemed not to be an injury or disease arising out of and in the course of employment.

3. An injury or disease caused by stress shall be deemed to arise out of and in the course of employment only if the employee proves by clear and convincing medical or psychiatric evidence that:

(a) He has a mental injury caused by extreme stress in time of danger;

(b) The primary cause of the injury was an event that arose out of and during the course of his employment; and

(c) The stress was not caused by his layoff, the termination of his employment or any disciplinary action taken against him.

NRS 616C.180 therefore provides that claimants may receive workers' compensation for stress-related injuries or diseases, as long as those injuries "arose out of and in the course of . . . employment." However, a claimant can show that a stress-related injury or disease falls under this definition only by satisfying the three conditions listed in subsections (3)(a)-(c). At issue here are the first and second conditions, which require McGrath to demonstrate that (a) she has a mental injury "caused by extreme stress in time of danger" and (b) the primary cause of the stress-related injury was an "event" arising out of and during the course of her employment.

Furthermore, even if these conditions are met, NRS 616C.180(2) specifically excludes "[a]ny ailment or disorder

---

[4]*Banegas*, 117 Nev. at 225, 19 P.3d at 247.

[5]*Id.*

caused by any gradual mental stimulus'' from the definition of an injury arising out of and in the course of employment, and thus the statute bars compensation for such stress-related injuries.

### "Time of danger"

McGrath first assigns error to the appeals officer's construction of NRS 616C.180(3)(a), which requires a claimant to demonstrate that she suffered ''a mental injury caused by extreme stress in time of danger.''

The first part of NRS 616C.180(3)(a) requires a claimant to indicate that he or she has suffered a ''mental injury.'' The Legislature has defined an ''injury,'' for purposes of the Nevada Industrial Insurance Act, as a ''sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence.''[6] The added requirement of ''time of danger'' makes clear that the injury must be caused by a potentially traumatic incident, as ''danger'' is generally defined as ''the state of being exposed to harm'' and ''liability to injury, pain or loss.''[7] Therefore, the statute's plain language indicates that McGrath must demonstrate that she suffered a sudden and tangible injury as the result of extreme stress at a time when she was exposed to harm.

McGrath contends that her injuries were caused by extreme stress in time of danger because, as a highway patrolwoman, she carries a firearm and is often involved in dangerous traffic stops. The record, however, contains no evidence that McGrath's injuries resulted from the extreme stress of a dangerous traffic stop. Furthermore, the mere fact that McGrath carries a firearm on patrol does not necessarily create a perpetual ''time of danger.'' Accordingly, the appeals officer properly determined that McGrath's status as a patrolwoman does not, standing alone, prove that her injuries were caused by ''extreme stress in time of danger.''

### "Event"

McGrath next contends that the ''event'' requirement in NRS 616C.180(3)(b) is ambiguous. We disagree.

The Legislature has not defined the term ''event,'' as it is used in NRS 616C.180, and thus we look to the word's plain meaning. An ''event'' is generally defined as ''a noteworthy occurrence or

---

[6]NRS 616A.265(1).

[7]*Webster's Third International Dictionary* 573 (1976).

happening . . . an unusual or significant development.''[8] The statute's plain language, then, does not permit a claim for stress built up over the course of multiple incidents, but instead requires a claimant to demonstrate that his or her stress was caused by a discrete, identifiable occurrence.

Furthermore, we have held that ''[w]hen construing a specific portion of a statute, the statute should be read as a whole, and, where possible, the statute should be read to give meaning to all of its parts.''[9] NRS 616C.180 provides for compensation for a stress-related ''injury or disease.'' As noted above, the Legislature has defined an ''injury'' as a ''sudden and tangible happening of a traumatic nature, producing an immediate or prompt result which is established by medical evidence.''[10] And although other statutes indicate that a ''disease'' may generally result from several occurrences,[11] NRS 616C.180(2) expressly provides that any ''disease'' that results from a ''gradual mental stimulus'' is uncompensable. Therefore, the ''event'' requirement of NRS 616C.180(3)(b) is inextricably linked with the definition of an injury—a sudden, tangible, traumatic experience.

### ''Gradual mental stimulus''

Finally, NRS 616C.180(2) excludes from coverage stress-related injuries caused by ''any gradual mental stimulus.'' The adjective ''gradual'' refers to a process of ''moving, changing, or developing by fine, slight, or often imperceptible gradations or modulations.''[12] The statute's plain language, then, creates a dichotomy between those stress-related injuries brought on by a sudden occurrence or singular instance and those brought on by a gradual escalation of stress.

In light of the statute's exclusion from compensation of stress-related injuries caused by any ''gradual mental stimulus'' and the plain meaning of the word ''event,'' we conclude that NRS 616C.180 unambiguously requires a claimant to identify a discrete, identifiable, traumatic occurrence that gave rise to stress.[13]

---

[8]*Id.* at 788.

[9]*Building & Constr. Trades v. Public Works*, 108 Nev. 605, 610, 836 P.2d 633, 636 (1992).

[10]NRS 616A.265(1).

[11]*See, e.g.*, NRS 617.440.

[12]*Webster's, supra* note 7, at 985.

[13]In *Diamond v. Swick*, 117 Nev. 671, 675, 28 P.3d 1087, 1089 (2001), we held that ''when there is no ambiguity in a statute, there is no opportunity for judicial construction, and the law must be followed unless it yields an absurd result.'' McGrath contends that a literal interpretation of NRS 616C.180 yields

*The appeals officer correctly determined that McGrath is not entitled to workers' compensation pursuant to NRS 616C.180*

Because Nevada workers' compensation law unequivocally requires a claimant to identify a discrete event in time of danger that caused a stress-related injury, we conclude that the appeals officer in this case correctly determined that McGrath's stress-related injury was not compensable. McGrath never identified a discrete event in time of danger giving rise to her stress-related injuries. Instead, she has consistently attributed the injuries to a buildup of stress over an eighteen-month period. Although we acknowledge that the alleged work-related harassment may have led to extreme stress, we conclude that McGrath does not qualify for workers' compensation coverage under NRS 616C.180.[14]

## CONCLUSION

The plain, unambiguous language of NRS 616C.180 requires a workers' compensation claimant to demonstrate that a stress-related injury was caused by a discrete, identifiable event in time of danger. By contrast, when a claimant alleges that a stress-related injury was caused by a gradual escalation of stress over a period of time, that injury is not compensable under Nevada workers' compensation law. Therefore, we affirm the district court's order denying judicial review of the appeals officer's decision denying McGrath's workers' compensation claim.

HARDESTY and SAITTA, JJ., concur.

---

absurd results, since an employee who was subjected to only a single traumatic event can recover compensation while an employee subjected to a series of stressors cannot. We disagree. Stress-related injury claims are the most nebulous type of workers' compensation claim, and the most susceptible to fraud. As the Supreme Court of Tennessee has noted, the requirement of a discrete, identifiable event operates as a "badge of reliability," permitting the court to more fully appreciate the shock or fright suffered by a claimant. *Gatlin v. City of Knoxville*, 822 S.W.2d 587, 592 (Tenn. 1991) (citing Lawrence Joseph, *The Causation Issue in Workers' Compensation Mental Disability Cases: An Analysis, Solutions and a Perspective*, 36 Vand. L. Rev. 263 (1983)).

[14]Our conclusion is in accord with a number of other jurisdictions whose workers' compensation laws contain language requiring claimants to identify an event that caused their stress-related injuries. *See, e.g., Preston v. YMCA of Greater New Orleans*, 595 So. 2d 1181, 1182 (La. Ct. App. 1992) (claimant must show that stress-related injury was caused by an unexpected and unforeseen event that occurred suddenly and violently); *Gatlin*, 822 S.W.2d at 591-92 (claimant must identify a "stressful, work-related event producing a sudden mental stimulus such as fright, shock or excessive unexpected anxiety"); *Owens v. Virginia Dept. of Transp./Com.*, 515 S.E.2d 348, 349 (Va. Ct. App. 1999) (claimant must link his psychological injury to injury to either a physical injury or to a sudden shock or fright in the course of employment).