SIERRA NEVADA ADMINISTRATORS, APPELLANT, *v.*
ASEN NEGRIEV, RESPONDENT.

No. 57645

September 13, 2012 285 P.3d 1056

*Black & LoBello* and *Michael J. Ryan*, Las Vegas, for Appellant.

*The Law Office of Daniel S. Simon* and *Daniel S. Simon*, Las Vegas, for Respondent.

---

## OPINION

By the Court, GIBBONS, J.:

In this appeal, we address whether NRS 616B.227 allows an average monthly wage calculation for workers' compensation benefits to include untaxed tip income that an employee reports to his or her employer. We conclude that NRS 616B.227 requires an average monthly wage calculation to include untaxed tip income when an injured employee reported the tip income to his or her employer. Therefore, we affirm the district court's order denying appellant Sierra Nevada Administrators' petition for judicial review.

## *FACTS AND PROCEDURAL HISTORY*

Respondent Asen Negriev sustained a compensable industrial injury when he slipped and fell, injuring his back, while walking into the kitchen during his shift as a bartender at the Big Inning Sports Pub in Las Vegas. Negriev's compensation at Big Inning included his hourly pay of eight dollars, as well as any tip income he received from his customers. At the end of each of his shifts, Negriev consistently reported any tip income that he had received to Big Inning. Despite these reports, Big Inning did not include Negriev's tip income on his paychecks for tax purposes. Negriev also did not declare his tips as part of his income to the Internal Revenue Service (IRS) when completing his own taxes. Consequently, Negriev did not pay taxes on any of his tip income.

Negriev later filed a workers' compensation claim with Big Inning's workers' compensation carrier, Sierra. Sierra accepted Negriev's claim but refused to include Negriev's tip income in its calculation of his average monthly wage because Negriev had not paid taxes on these tips. This resulted in a lesser amount of workers' compensation benefits for Negriev, and thus, Negriev appealed Sierra's average monthly wage calculation to an administrative hearing officer.

The hearing officer affirmed Sierra's average monthly wage calculation. The officer reasoned that Negriev's average monthly wage calculation should not include his tip income because Negriev's wage history and paychecks did not indicate that he had declared his tips to Big Inning in accordance with NRS 616B.227's requirements.[1]

Negriev appealed the hearing officer's decision to a Nevada Department of Administration appeals officer. In the meantime, Sierra issued Negriev a six-percent permanent partial disability award. Because it was based on Sierra's previous average monthly wage calculation, Negriev appealed this determination as well. Negriev later agreed to consolidate his appeal of his permanent partial disability award with his appeal from Sierra's average monthly wage calculation so that an appeals officer could hear both appeals at the same time.

The appeals officer reversed the hearing officer's decision. The appeals officer found that Negriev had faithfully reported his tips to Big Inning, but Big Inning failed to include the tips on his paychecks or declare the tips to the IRS. Therefore, the appeals officer ordered Sierra to recalculate Negriev's average monthly wage

---

[1]Under NRS 616B.227(4), a workers' compensation carrier must calculate an employee's average monthly wage according to the employee's wages and the amount of tips that the employee reported to his or her employer.

to include his tip income. This resulted in an increase in Negriev's workers' compensation benefits, including Negriev's permanent partial disability award.

Sierra then filed a petition for judicial review in the district court that was denied. This appeal followed.[2]

## DISCUSSION

*NRS 616B.227 requires an average monthly wage calculation to include untaxed tip income that an employee reports to his or her employer*

Workers' compensation benefits are typically calculated based on a percentage of the injured employee's average monthly wage. *City of North Las Vegas v. Warburton*, 127 Nev. 682, 687, 262 P.3d 715, 718 (2011) (citing NAC 616C.435(1) and NRS 616C.420). Sierra argues that, under NRS 616B.227, average monthly wages may include tip income only if the IRS has taxed the tips. Sierra further asserts that interpreting NRS 616B.227 otherwise would provide Negriev with a windfall because he did not pay taxes on his tip income.

When reviewing an administrative decision, this court's function is identical to that of the district court. *SIIS v. Engel*, 114 Nev. 1372, 1374, 971 P.2d 793, 795 (1998). While we will not substitute an agency's judgment with our own regarding a question of fact, we review questions of law de novo. *Id.* The construction of a statute in an administrative matter is a question of law subject to de novo review. *Id.*

In interpreting a statute, our analysis begins with its text. *In re State Engineer Ruling 5823*, 128 Nev. 232, 239, 277 P.3d 449, 453 (2012). We construe a plain and unambiguous statute according to its ordinary meaning. *McGrath v. State, Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007).

NRS 616B.227(4) provides, in pertinent part, that a "private carrier . . . shall calculate compensation for an employee on the

---

[2]Negriev also suggests that this appeal is moot because he elected to receive his permanent partial disability award as a lump-sum payment. However, we previously rejected this argument in an order denying Negriev's motion to dismiss this appeal, and therefore, we will not revisit this issue again. *See Dictor v. Creative Management Services*, 126 Nev. 41, 44, 223 P.3d 332, 334 (2010) ("The law-of-the-case doctrine provides that when an appellate court decides a principle or rule of law, that decision governs the same issues in subsequent proceedings in that case.").

basis of wages paid by the employer plus the amount of tips reported by the employee.'' NRS 616B.227(1) further requires that an employer make a copy of each report that an employee files regarding his or her tips in order to report this amount to the IRS.[3]

Under a plain reading of the statute, we conclude that NRS 616B.227 requires a workers' compensation carrier to include tip income in an employee's average monthly wage calculation if the employee reported the tip income to his or her employer. Thus, whether an employee actually paid taxes on the tip income is irrelevant to the average monthly wage calculation, as long as the employee reported the tips to his or her employer. Here, the record demonstrates that Negriev regularly reported his tip income to Big Inning at the end of each of his shifts. Thus, under NRS 616B.227, Negriev is entitled to receive an average monthly wage calculation based on both his hourly wage and his tip income. If Negriev had not reported his tip income to his employer, NRS 616B.227 would not require his monthly wage calculation to include his tip income. However, since Negriev did declare his tip income to Big Inning, Sierra must calculate his average monthly wage to include his tips, regardless of whether Negriev actually paid taxes on this tip income.

Sierra claims that such an interpretation of NRS 616B.227 provides Negriev with a windfall since he never paid taxes on the tip income. We disagree because Negriev's tax liability to the federal government remains the same. *See Pizza Hut Delivery v. Blackwell*, 418 S.E.2d 639, 640 (Ga. Ct. App. 1992) (noting that any failure of an employee to pay federal income tax on tips is a matter between the employee, the state, and the federal government and does not prohibit the inclusion of an employee's tips in the average monthly wage calculation for the purpose of determining workers' compensation benefits). Therefore, the district court properly in-

---

[3]NRS 616B.227's relevant provisions fully state:

1. Except as otherwise provided in subsection 2, an employer shall:
(a) Make a copy of each report that an employee files with the employer pursuant to 26 U.S.C. § 6053(a) to report the amount of his or her tips to the United States Internal Revenue Service; and

(b) Submit the copy to his or her private carrier upon request and retain another copy for his or her records or, if the employer is self-insured or a member of an association of self-insured public or private employers, retain the copy for his or her records.

. . . .

4. The private carrier, self-insured employer or association of self-insured public or private employers shall calculate compensation for an employee on the basis of wages paid by the employer plus the amount of tips reported by the employee pursuant to 26 U.S.C. § 6053(a). Reports made after the date of injury may not be used for the calculation of compensation.

terpreted NRS 616B.227 as requiring Sierra to calculate Negriev's average monthly wage to include his reported tip income, and Negriev is entitled to workers' compensation benefits based upon this amount. Accordingly, we affirm the district court's order.

CHERRY, C.J., and DOUGLAS, SAITTA, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.