An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

HENRY RINGEL,
Appellant,
vs.
VIRGIN VALLEY CAB COMPANY,
INC.,
Respondent.

No. 61813

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting in part a petition for judicial review in a workers' compensation case. Eighth Judicial District Court, Clark County; Susan Johnson, Judge.

Appellant Henry Ringel was injured in a motor vehicle accident while working for respondent Virgin Valley Cab Company. Ringel brought a workers' compensation claim, which was accepted by Virgin Valley. Virgin Valley's administrator (1) awarded permanent partial disability compensation and offered the choice of compensation in the form of a lump sum; and (2) offset the amount of the award by $25,000, the amount of the settlement from the third-party tortfeasor. Ringel was not fully satisfied with the determination and never accepted the lump-sum payment offer. A Department of Administration hearing officer affirmed the administrator's determination.

Ringel appealed and the appeals officer reversed, awarding Ringel a different permanent partial disability lump-sum amount. The appeals officer found that Ringel qualified for permanent total disability. The appeals officer also affirmed Virgin Valley's right to offset Ringel's permanent partial disability and temporary total disability compensation

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29239

awards in order to satisfy the administrator's lien. The appeals officer further found that Ringel was entitled to the lump-sum payment he was offered but never accepted. Thus, the appeals officer concluded that the $25,000 future lien had been satisfied by offsetting Ringel's permanent partial disability and temporary total disability compensation with the remaining permanent partial disability benefits to be paid to Ringel.

Virgin Valley petitioned for judicial review in the district court, arguing that Ringel was not entitled to a lump-sum because he never accepted the lump-sum offer. The district court granted in part and denied in part judicial review of the appeals officer's decision. The district court concluded that (1) Ringel was not entitled to a lump sum, because he neither requested nor consented to receive the award in a lump sum; (2) the $25,000 third-party proceeds should not have been offset against the lump-sum award offered; and (3) Ringel was not entitled to temporary total disability, permanent partial disability, and permanent total disability benefits payable during the same time period.

Ringel now appeals. On appeal from a district court order granting or denying a petition for judicial review, our review is the same as the district court's: we review the appeals officer's decision for an abuse of discretion. *Vredenburg v. Sedgwick CMS,* 124 Nev. 553, 557, 188 P.3d 1084, 1087 (2008). An appeals officer's determinations on pure issues of law, however, are reviewed de novo. *Roberts v. State Indus. Ins. Sys.,* 114 Nev. 364, 367, 956 P.2d 790, 792 (1998).

*District court's jurisdiction over Virgin Valley's petition for judicial review*

Ringel argues that Virgin Valley did not appeal the hearing officer's initial determination regarding the lump sum award and the lien issue, and thereby waived its right to challenge the appeals officer's subsequent decision on those issues.

We conclude that Ringel's arguments lack merit. Virgin Valley had no reason to appeal the hearing officer's determination because the hearing officer affirmed Virgin Valley's administrator's determination. And, at any rate, Virgin Valley was free to raise arguments in support of the hearing officer's determination, even if it did not separately appeal those issues. *Cf. Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) ("A respondent may, however, without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument."). Virgin Valley challenged the determination by which it was aggrieved—the appeals officer's decision awarding a lump sum and permitting the possibility of double recovery. *See* NRS 233B.130(1) (stating that a party is entitled to judicial review when it is aggrieved). The district court therefore appropriately considered Virgin Valley's petition for judicial review.

*Lump-sum award*

Ringel asserts that the district court erred in reversing the appeals officer's decision to award Ringel the lump-sum offer because election was inapplicable to the facts and circumstances of his case.

Here, the appeals officer awarded Ringel permanent partial disability benefits in a lump-sum payment. Because the statutory language requires a claimant to elect a lump-sum payment, which Ringel did not do, we conclude that the appeals officer erred by awarding the lump-sum payment and applying it as an offset to the third-party proceeds Ringel received.

Our interpretation of a statute begins with its text. *In re State Engineer Ruling 5823*, 128 Nev., Adv. Op. 22, 277 P.3d 449, 453 (2012). The text is construed according to its ordinary meaning. *McGrath v. State Dep't of Pub. Safety*, 123 Nev. 120, 123, 159 P.3d 239, 241 (2007).

NRS 616C.495(1)(d) says that "[a]ny claimant injured on or after July 1, 1995, may elect to receive his or her compensation in a lump sum in accordance with regulations." "Elect" is defined as "[t]he exercise of a choice; the act of choosing from several possible rights or remedies in a way that precludes the use of other rights or remedies." *Black's Law Dictionary* 631 (10th ed. 2014). The Legislature's use of the word "elect" in the statute contemplates an affirmative choice by the claimant, not an automatic disbursement of a lump-sum award. The election of a lump sum constitutes a final settlement of all factual and legal issues and an affirmative waiver of any legal issues regarding the claim. NRS 616C.495(2). An automatic disbursement would render superfluous the language saying that claimants may *retract* or *reaffirm* their elections within 20 days. *See id.*

It is uncontested that Ringel did not elect the lump-sum award. Because there was no election of a lump-sum award, it was improper for the appeals officer to award Ringel benefits in a lump sum. And without a lump-sum award, the lien could not be offset by a lump sum.

Additionally, Ringel is incorrect that election was not required because he would never receive his permanent partial disability award due to the $25,000 lien. Even assuming that Ringel was not able to receive compensation in excess of the future lien, Ringel's receipt of the award as a lien offset is the same as his receipt of an outright payment.

*Cf. Continental Casualty Co. v. Riveras*, 107 Nev. 530, 534 n.5, 814 P.2d 1015, 1018 n.5 (1991) (recognizing that the satisfaction of a subrogation lien is a received benefit). Further, Ringel's assertion that he was never going to be paid or receive the permanent partial disability award is meritless because it is uncontested that there was a remaining balance of $3,820.88 if the proposed lump-sum offer had been elected and offset.

As for Ringel's argument that reversal is warranted because the district court's order contains chronological errors, he is free to pursue correction by motion in accordance with NRCP 60(a). And if, after Ringel's benefits are recalculated in accordance with the district court's remand, he is aggrieved by the determination, he may seek judicial review by the proper procedures. *See* NRS 233B.130(1).

Accordingly, because the appeals officer erred in awarding Ringel benefits in a lump sum and offsetting the lien with the award, we affirm the district court's order granting in part judicial review.

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Susan Johnson, District Judge
Janet Trost, Settlement Judge
Nevada Attorney for Injured Workers/Las Vegas
Angela D. Cartwright, Ltd.
Eighth Judicial District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A