138 Nev., Advance Opinion 69

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER FOR CHANGE OF NAME AS TO: ANTHONY ROY SALAZAR.

ANTHONY ROY SALAZAR,
Appellant.

No. 82667



FILED

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a petition for adult name change. Eighth Judicial District Court, Family Division, Clark County; Denise L. Gentile, Judge.

*Reversed and remanded.*

McLetchie Law and Margaret A. McLetchie, Dayvid J. Figler, and Leo S. Wolpert, Las Vegas,
for Appellant.

BEFORE THE SUPREME COURT, HARDESTY, STIGLICH, and HERNDON, JJ.

*OPINION*

By the Court, HARDESTY, J.:

In this opinion, we consider the district court's dismissal of a petition for an adult name change. NRS 41.270 allows "[a]ny natural person, except an unemancipated minor, desiring to have his or her name

changed" to file a petition to do so with the district court. The petition must state "whether the applicant has been convicted of a felony and include a statement signed under penalty of perjury that the applicant is not changing his or her name for a fraudulent purpose." *Id.* Publication of notice of the petition is required in some circumstances, NRS 41.280, and if no written objection to the petition is filed within ten days, NRS 41.290(1) directs the court to grant the petition, so long as the court is "satisfied by the statements in the petition, or by other evidence, that good reason exists therefor." If an objection is filed, the court must hold a hearing to determine whether the applicant has satisfactory reasons for the name change. *Id.* In either case, before granting or denying the petition, "the court shall specifically take into consideration the applicant's criminal record, if any, which is stated in the petition." *Id.* Here, where appellant's name-change petition faced no objections and where it appears that the petition met all the statutory requirements, we conclude that the district court abused its discretion in summarily dismissing it without resolution on the merits.

## FACTS

Appellant Monica Denise Salazar, an inmate whose current legal name is Anthony Roy Salazar,[1] filed a petition with the Eighth

---

[1]While no legal name change has occurred in this case, we note that under common law, a person can go by any name they choose; this right pre-dates the United States. *See United States v. McKay*, 2 F.2d 257, 259 (D. Nev. 1924); *Linton v. First Nat'l Bank of Kittanning*, 10 F. 894, 897 (C.C.W.D. Pa. 1882) (citing *The King v. Inhabitants of Billingshurst*, 105 Eng. Rep. 603; 3 M. & S. 250 (1814)). While no law requires it, we choose to follow other courts that acknowledge a party's chosen name on a voluntary basis. *See, e.g., Schwenk v. Hartford*, 204 F.3d 1187, 1193 (9th Cir. 2000) (acknowledging plaintiff's preferred name and gender); *In re*

Judicial District Court's Family Division to change her name. Her petition stated that her reason for the name change was to conform her name to her gender identity. Along with the petition, Salazar filed an application to waive fees and a request for summary disposition. The case was assigned to Judge William S. Potter in Department M, and two months later, department staff sent an informal communication to Salazar imposing requirements without legal citation. Specifically, staff sent a notice indicating that the court was denying the petition based on an internal department policy requiring approval from the Nevada Department of Corrections for inmate name changes, which could be overcome only with a notice of nonopposition from the correctional department.[2] No notice of nonopposition was filed, and ultimately, without resolving the pending fee-waiver application and request for summary disposition, the district court summarily dismissed the petition for pending too long without any action

---

*C. G.*, 976 N.W.2d 318, 323-24 (Wis. 2022) (using a transgender juvenile's chosen name and pronouns "out of respect for [her] individual dignity").

[2]In her appendix, Salazar provided a copy of staff's October 8, 2020, notice, which was on court letterhead from Department M and signed by the judicial assistant to Judge Potter. As the notice does not appear in the district court record on appeal, we take judicial notice of it. *Mack v. Estate of Mack*, 125 Nev. 80, 91, 206 P.3d 98, 106 (2009) (recognizing that "we may take judicial notice of facts that are '[c]apable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute'" (quoting NRS 47.130(2)(b))).

under Eighth District Court Rule (EDCR) 5.526.[3] The district court's order provided no explanation as to what action Salazar failed to take.[4]

Salazar appeals, asking this court to reverse and remand the case for further proceedings on her petition because the district court erroneously applied the relevant law.[5] We agree.

## DISCUSSION

Other jurisdictions recognize that even though whether to approve or deny name change petitions is within the district court's discretion, the court must articulate "substantial and principled reasons" when it denies the petition. *In re Arnett*, 56 Cal. Rptr. 3d 1, 6 (Ct. App. 2007); *accord In re Cruchelow*, 926 P.2d 833, 834 (Utah 1996) (following the courts in New Hampshire and Colorado in determining that "the court must show some substantial reason before it is justified in denying a petition for a name change"). We find this approach consistent with the plain language of NRS 41.290. We therefore adopt this standard and recognize that the district court abuses its discretion when it denies a petition for a name change without providing any substantial basis for so doing.

---

[3]EDCR 5.526(a), which has since been renumbered as EDCR 5.220(a), provides that "[a] family case that has been pending for more than 6 months and in which no action has been taken for more than 3 months may be dismissed on the court's own initiative without prejudice."

[4]While the case was originally assigned to Judge Potter, it was reassigned to Judge Denise L. Gentile in January 2021, who entered the dismissal order.

[5]After the notice of appeal was filed, the district court granted Salazar's fee-waiver application.

Here, the district court ostensibly dismissed Salazar's petition for her failure to take action in the case for more than three months. But Salazar's petition met NRS 41.270's requirements: it was addressed to the district court of the district in which she resides, and it included her current and desired names, the reason for the name change, the details of her felony convictions, and a statement signed under penalty of perjury that she was not changing her name for a fraudulent purpose. It also included a set of fingerprints. *See* NRS 41.290(3). Although Salazar did not provide notice of publication, publication is not required when, as here, "the applicant states that the reason for desiring the change is to conform the applicant's name to his or her gender identity." NRS 41.280(3). Further, while Salazar apparently did not request submission of the petition after the 10-day objection period had expired, there were unresolved motions pending before the district court at that time, including one for summary disposition under former EDCR 2.207 (now EDCR 5.701).

Because Salazar's petition met the requirements of NRS 41.270, no written objection was filed, and Salazar was exempt from the publication requirement, the district court was required to proceed with determining whether there was good reason to grant the name change under NRS 41.290. It does not appear that the district court did so. And, even if the court considered the matter and found substantial, principled reasons for denying the petition, it should have articulated those reasons in a written order. *See Jitnan v. Oliver*, 127 Nev. 424, 433, 254 P.3d 623, 629 (2011) (explaining that, "[w]ithout an explanation of the reasons or bases for a district court's decision, meaningful appellate review, even a deferential one, is hampered because we are left to mere speculation" and

5

citing numerous cases to the same effect). From the documents available in the record, it appears that the only inaction in Salazar's case was the district court's failure to resolve the pending petition and other requests, such that EDCR 5.526 did not apply.

Salazar alleges on appeal that the district court communicated certain concerns about her petition to her, such as her criminal history and the ability of the Nevada Department of Corrections to keep accurate records of its inmates. These concerns are not reflected in the record, so we cannot and do not consider them on review. *Carson Ready Mix, Inc. v. First Nat'l Bank of Nev.*, 97 Nev. 474, 476, 635 P.2d 276, 277 (1981). Nevertheless, we note that NRS 41.290(3) addresses concerns related to inmate records: "If an order grants a change of name to a person who has a criminal record, the clerk shall transmit a certified copy of the order to the Central Repository for Nevada Records of Criminal History for inclusion in that person's record of criminal history." And while a court must "specifically take into consideration" a petitioner's criminal history, we reiterate that the district court must provide substantial and principled reasons for denying an adult name-change petition, preferably in writing. Without such reasons having been articulated here, and as we can discern no relevant inaction on the part of Salazar, we must conclude that the district court failed to apply the correct legal standard and thus abused its discretion in dismissing Salazar's petition.[6] For this reason, we reverse the

---

[6]We decline to reach Salazar's constitutional challenge to the district court's order. *Spears v. Spears*, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979) ("This court will not consider constitutional issues which are not necessary to the determination of an appeal.").

district court's dismissal order and remand for further proceedings on Salazar's petition under the applicable law.

                                                    _____, J.
                                                    Hardesty

We concur:

_____, J.
Stiglich

_____, J.
Herndon