**141 Nev., Advance Opinion 7**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PETITION FOR CHANGE OF NAME: ALEX MICHAEL FLEEK. | No. 87857 |
| ALEX MICHAEL FLEEK, Appellant. | **FILED** FEB 06 2025 ELIZABETH A. BROWN CLERK OF SUPREME COURT BY_____ CHIEF DEPUTY CLERK |
| IN THE MATTER OF THE PETITION FOR CHANGE OF NAME: DULCE DANIELA MARTINEZ. | No. 88016 |
| DULCE DANIELA MARTINEZ, Appellant. | |
| IN THE MATTER OF THE PETITION FOR CHANGE OF NAME: PENINA OHAYON. | No. 88190 |
| PENINA OHAYON, Appellant. | |

Consolidated appeals from district court orders denying adult name-change petitions with prejudice. Eighth Judicial District Court, Family Division, Clark County; Linda Marquis, Judge.

*Affirmed with instructions.*

Greenberg Traurig, LLP, and Kyle A. Ewing and Elliot T. Anderson, Las Vegas,
for Appellants.

25-05768

BEFORE THE SUPREME COURT, HERNDON, C.J., and PARRAGUIRRE and STIGLICH, JJ.

## OPINION

PER CURIAM:

Appellants each filed a petition for an adult name change. The district court denied the petitions with prejudice because appellants failed to submit proof of publication in a newspaper of general circulation, as required by the governing statutes. These appeals followed. Although we conclude that the district court did not abuse its discretion in denying the petitions, we clarify that the denial should have been without prejudice. We therefore affirm the district court's orders but instruct the district court to strike the words "with prejudice" from those orders.[1]

## DISCUSSION

We review the denial of appellants' name-change petitions for an abuse of discretion. *In re Salazar*, 138 Nev. 725, 727, 518 P.3d 873, 874 (2022). Absent circumstances that are not at issue here, an applicant seeking to change their name must publish a notice acknowledging the filing of the name-change petition in a newspaper of general circulation and file proof of the publication in district court. NRS 41.280(1); NRS 41.290(1). While appellants do not dispute that they failed to comply with the notice publication or proof of publication requirements, they contend that the district court abused its discretion by denying the petitions "with prejudice" because the name-change statutes allow successive adult name-change petitions to cure procedural defects.

---

[1]We originally resolved these appeals by unpublished order. Appellants filed a motion to publish the order as an opinion. Cause appearing, the motion is granted. *See* NRAP 36(e). We now issue this opinion in place of the order.

We perceive no abuse of discretion in the district court's decision to deny the petitions based on appellants' failure to comply with the publication or proof of publication requirement. Although the district court's orders state that the denials are with prejudice, there is no question in this case that the decisions have no preclusive effect. *See, e.g.. Brye v. Brakebush.* 32 F.3d 1179. 1185 (7th Cir. 1994) (observing that even if a dismissal order states that it is "with prejudice," those words "are not conclusive and have significance only . . . in light of the circumstances under which the dismissal took place" (internal quotation marks omitted)). In this, we note that NRS 41.270-.290 permits successive name-change petitions. Because the words "with prejudice" are without legal meaning in this nonadversarial proceeding with no adjudication on the merits. they in no way prohibit appellants from refiling name-change petitions. Nevertheless, in order that the words "with prejudice" may not be construed as res judicata in any future name-change petitions filed by appellants. we conclude that those words should be stricken from the court's orders. Accordingly. we direct the district court to modify its orders upon issuance of the remittiturs to strike the words "with prejudice." With that modification. we affirm the district court's orders.

_____ , C.J.
Herndon

_____ J.
Parraguirre

_____ , J.
Stiglich